IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAHN SWICK & FOTI, LLC, | * |
| | * CIVIL ACTION NO.: 2:14-cv-1979 |
| *Plaintiff*, | * |
| | * SECTION: |
| VERSUS | * JUDGE: |
| | * |
| SPECTOR ROSEMAN KODROFF & | * |
| WILLIS, PC, | * |
| ROBERT M. ROSEMAN, | * DIVISION: |
| BRANNON LAW FIRM, LLC, and | * MAGISTRATE: |
| PAUL M. BRANNON, | * |
| | * |
| *Defendants*. | * |

**NOTICE OF REMOVAL**

Defendants Spector Roseman Kodroff & Willis PC ("SRKW") and Robert M. Roseman ("Roseman") hereby remove this civil action from the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1441 and 1446.  In support hereof, SRKW and Roseman aver as follows:

**I.   PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1.   Plaintiff Kahn Swick & Foti LLC ("KSF") filed a petition for damages, preliminary and permanent injunction, and declaratory judgment on July 22, 2014 in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, commencing a civil action captioned *Kahn Swick & Foti LLC v. Spector Roseman Kodroff & Willis PC, Robert M. Roseman, Brannon Law Firm, LLC, and Paul M. Brannon*, No. 2014-13317.

2.   The petition and summons were served on SRKW on August 4, 2014 and on Roseman on August 5, 2014.  No other process, pleadings, or orders have been served on SRKW and Roseman.

3. A copy of the petition and summons is attached as Exhibit "A."

4. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days after SRKW and Roseman were first served with and received the petition and summons.

5. SRKW and Roseman are the only "properly joined and served" defendants, and they both join in this notice of removal.

6. Brannon Law Firm, LLC and Paul M. Brannon (the "Brannon parties") are not "properly joined" defendants and need not consent to or join in this notice of removal. Rather, as explained below, the Brannon parties' true interest in the action is as a plaintiff, and/or the Brannon parties are improperly joined in that KSF has not and cannot state a cause of action against the Brannon parties.

7. Further, SRKW and Roseman are without knowledge and information as to whether the Brannon parties have been "properly . . . served" with the petition and summons, or indeed, whether KSF intends to serve the petition and summons on the Brannon parties.

8. Written notice of the filing of this notice of removal is being given to all parties and a copy will be filed with the Clerk of the 22nd Judicial District, St. Tammany Parish, State of Louisiana, pursuant to 28 U.S.C. § 1446(d).

II. **BASIS OF DIVERSITY JURISDICTION AND AMOUNT IN CONTROVERSY**

9. This action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the action is removable to this Court under the provisions of 28 U.S.C. § 1441(b).

      **A.**     **Plaintiff is a Citizen of Louisiana, New York, and California**

10. Plaintiff KSF is a law firm organized as a limited liability company under the laws of and with a principal place of business in the State of Louisiana. KSF also has offices/places of business in New York and California.

11. Upon information and belief, the members of KSF are Lewis S. Kahn, Michael A. Swick, Charles C. Foti, Kim E. Miller, Ramzi Abodou, and Melinda A. Nicholson, who are identified as the firm's partners on its web site.

12. Upon information and belief, Kahn, Foti, and Nicholson were at the time of filing of the state court action, and are now, citizens of the State of Louisiana.

13. Upon information and belief, Swick and Miller were at the time of filing of the state court action, and are now, citizens of the State of New York.

14. Upon information and belief, Abadou was at the time of filing of the state court action, and is now, a citizen of the State of California.

15. Thus, for purposes of diversity jurisdiction, plaintiff KSF is a citizen of Louisiana, New York, and California.

      **B.**     **Defendants SRKW and Roseman are Citizens of Pennsylvania**

16. Defendant SRKW is a law firm organized as a professional corporation under the laws of and with a principal place of business in the Commonwealth of Pennsylvania. Thus, SRKW was at the time of filing of the state court action, and is now, a citizen of the Commonwealth of Pennsylvania.

17. Defendant Roseman was at the time of filing of the state court action, and is now, a citizen of the Commonwealth of Pennsylvania.

    **C.    The Brannon Parties Should be Realigned as Plaintiffs for Purposes of Determining Diversity, or They Should be Disregarded as Improperly Joined Parties**

18. The Brannon parties are interested in this case, if at all, as plaintiffs, not defendants.

19. This case arises out of a shareholders derivative action against Abbott Laboratories, Inc. in the U.S. District Court for the Northern District of Illinois captioned *in re Abbott-Depakote Shareholder Derivative Litigation*, No. 1:11-cv-08114 (the "Abbott-Depakote litigation").

20. SRKW was appointed lead counsel in the Abbott-Depakote litigation.

21. KSF alleges that it entered into a joint venture with SRKW, pursuant to which KSF would jointly prosecute the Abbott-Depakote litigation with SRKW. KSF alleges that under the supposed joint venture, it would do up to one-half of the work of litigating the case. (Petition ¶ 21.)

22. KSF alleges that it has a co-counsel agreement with the Brannon parties, pursuant to which the Brannon parties assisted KSF in the Abbott-Depakote litigation. (Petition ¶ 57.)

23. KSF alleges that under the co-counsel agreement, it will pay the Brannon parties a percentage of the proceeds received by KSF pursuant to the alleged joint venture with SRKW. (Petition ¶ 57.)

24. KSF alleges that it has paid the Brannon parties the amounts due to date under the co-counsel agreement, and KSF does not allege that there is any past or current dispute between KSF and the Brannon parties regarding the co-counsel agreement. (Petition ¶ 57.)

25. Thus, the Brannon parties' true interest in this case, if any, is as a plaintiff.

26. Further, the Brannon parties have been improperly joined because there is no live case or controversy between KSF and the Brannon parties sufficient to establish a declaratory judgment claim, which is the only claim asserted by KSF against the Brannon parties.

27.     For these reasons, SRKW and Roseman are not required to seek the Brannon parties' prior consent to removal of the case.

28.     Upon information and belief, the Brannon parties were at the time of filing of the state court action, and are now, citizens of the State of Louisiana.

**D.     There is Complete Diversity Among the Parties (as Properly Aligned) and the Amount in Controversy Requirement is Met**

29.     Aligning the Brannon parties as plaintiffs, or disregarding them as improperly joined for purposes of assessing diversity, there is complete diversity of citizenship among the plaintiffs and defendants—the plaintiffs are citizens of Louisiana, New York, and California, and the defendants are citizens of Pennsylvania.

30.     KSF alleges that it is owed $448,924.12 in fees resulting from the Abbott-Depakote litigation and alleges that it is entitled to "one-half of the proceeds generated as a result of the [alleged] joint venture prosecution of the *Abbott* Litigation." (Petition ¶ 55 & prayer for relief.)  The amount in controversy thus exceeds the $75,000 jurisdictional threshold.

### III.    CONCLUSION

31.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 on grounds of diversity because the amount in controversy exceeds $75,000 and the properly joined and aligned parties are citizens of different states, and the case is properly removed to this Court.

WHEREFORE, SRKW and Roseman hereby remove this matter to the United States District Court for the Eastern District of Louisiana for further proceedings.

Respectfully submitted,

COZEN O'CONNOR

By: /s/ *Jake P. Skaggs*
Jake P. Skaggs, T.A.
Louisiana Bar No. 33454
LyondellBassell Tower
1221 McKinney Street, Suite 2900
Houston, TX  77010
Telephone:  832-214-3900
Facsimile:  832-214-3905
E-mail:  *jskaggs@cozen.com*

OF COUNSEL:

H. Robert Fiebach
Jared D. Bayer
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA  19103
Telephone:  215-665-2000
Facsimile:  215-665-2013
E-mail: *rfiebach@cozen.com*

ATTORNEYS FOR DEFENDANTS,
SPECTOR ROSEMAN KODROFF &
WILLIS PC AND ROBERT M.
ROSEMAN

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on all listed below, via certified mail, return receipt requested on August 29, 2014:

| | |
|---|---|
| Lewis Kahn<br>Melinda A. Nicholson<br>Michael J. Palestina<br>KAHN SWICK & FOTI, L.L.C.<br>206 Covington St.<br>Madisonville, LA  70447<br>*Attorneys for Plaintiff* | Paul M. Brannon<br>Brannon Law Firm, LLC<br>4916 Lake Como Avenue<br>Metairie, LA  70006<br><br>Brannon Law Firm, LLC<br>4916 Lake Como Avenue<br>Metairie, LA  70006 |

/s/ *Jake P. Skaggs*
Jake P. Skaggs

6