UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KAHN SWICK & FOTI, LLC | CIVIL ACTION |
| VERSUS | NO. 14-1979 |
| SPECTOR ROSEMAN KODROFF & WILLIS, PC, *et al.* | SECTION "N" (3) |

## ORDER & REASONS

Now before the Court is Plaintiff's, Kahn Swick and Foti, LLC ("Kahn"), "Motion to Remand" (Rec. Doc. 8). Defendants, Spector Roseman Kodroff & Willis, PC ("SRKW") and Robert Roseman ("Roseman"), filed a response in opposition (Rec. Doc. 15). Defendants, Brannon Law Firm, LLC and Paul Brannon (collectively "Brannon"), filed their "Objection to Jurisdiction and Notice of Support of the Motion to Remand on Grounds of Lack of Jurisdiction" (Rec. Doc. 17). Kahn filed a reply (Rec. Doc. 16). For the reasons stated herein,

**IT IS ORDERED** that Kahn's Motion to Remand (**Rec. Doc. 8**) is **GRANTED**, and the matter is hereby **REMANDED** to the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.

**I. Background**

This matter arises out of a dispute for funds allegedly owed by SRKW and Roseman to Kahn as a result of a joint venture agreement to jointly prosecute a legal matter in the Northern District of Illinois ("Joint Venture"). (Rec. Doc. 8-1 at p. 6-7). Kahn also asserts a claim for declaratory

relief against Brannon asking the state court to declare what portion, if any, of the Joint Venture proceeds allegedly owed to Kahn may be owed to Brannon pursuant to the long-standing co-counsel agreement between the two law firms ("Co-counsel Agreement"). (Id. at 7-8). Kahn is a citizen of Louisiana, New York, and California. (Id. at p.3). SRKW and Roseman are citizens of Pennsylvania. (Rec. Doc. 15 at p. 3). Brannon is a citizen of Louisiana. (Rec. Doc. 17 at p. 2). SRKW and Roseman removed the case from state court alleging that there is complete diversity because Brannon was improperly joined as a defendant in this matter and/or Brannon should be realigned as a plaintiff. (Rec. Doc. 15 at p. 1). Specifically, SRKW and Roseman assert that there is no live dispute between the parties because Kahn paid Brannon pursuant to the Co-counsel Agreement, and, therefore, Kahn has failed to allege "any disagreement between [Kahn] and the Brannon parties as to what the obligations are under the agreement...." (Id. at p. 10).

SRKW and Roseman do not allege that they secured consent of Brannon to remove the action to federal court, nor do they assert that there was actual fraud in the pleading of jurisdictional facts. They do, however, argue that Kahn (1) improperly joined Brannon as a defendant because Kahn cannot state a claim for relief against Brannon; (2) engaged in egregious misjoinder; and (3) even if joinder was proper, Brannon should be realigned as a plaintiff because Kahn and Brannon's ultimate interests in the suit are the same. (Id.). Therefore, this Court must decide (1) whether or not Kahn can establish a cause of action for declaratory judgment against Brannon that is sufficient to defeat complete diversity and overcome SRKW and Roseman's claim of improper joinder; (2) whether Brannon was egregiously misjoined; and (3) whether Brannon has the same "ultimate interests" as Kahn in the instant action to support realignment.

**II. Legal Standard**

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004).  A defendant may remove a case to federal court where a non-diverse party has been improperly joined. Id.  The removing party bears the heavy burden of proving that the joinder of the non-diverse party was improper.  Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir.1999).  Improper joinder can be established by showing: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Travis v. Irby, 326 F.3d 644, 646–47 (5th Cir.2003).  In other words, the removing defendant must show fraud in the pleading or that there is no reasonable basis under which the district court could predict that the plaintiff might be able to recover against the non-diverse defendant. Smallwood, 385 F.3d at 573.  All ambiguities are construed against removal.  Butler v. Polk, 592 F.2d 1160, 1164 (5th Cir. 1979).  Furthermore, all ambiguities are to be interpreted in favor of the non-removing party. Travis, 326 F.3d at 648.  When deciding the issue of improper joinder, a district court may "pierce the pleadings" and consider other evidence in the record.  Id. at 649.

In cases originally filed in federal court, a district court may determine diversity jurisdiction by "'look[ing] beyond the pleadings and arrang[ing] the parties according to their sides of the dispute....'" Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC, No. CIV.A. 3:07-CV-0102D, 2007 WL 2229050, at *4 (N.D. Tex. Aug. 3, 2007). Although the Fifth Circuit has not spoken directly on the issue, some courts have found that a realignment of the parties to permit removal from state court to be improper. Id.  (quoting Roblez v. Ramos, 2001 WL 896942, at *3 (N.D.Tex. Aug.1, 2001). Regardless, the inquiry into realignment asks whether the parties to the

3

suit that share the same "ultimate interests" in the outcome are on the same side. Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1178 (5th Cir.1984). Stated differently, the court must look to determine whether there is the necessary "collision of interest" between the parties determined by examining the plaintiff's "principal purpose of suit." City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 69, 62 S. Ct. 15, 17, 86 L. Ed. 47 (1941).

**III. Application of Legal Standard**

    **1. Improper Joinder**

SRKW and Roseman have not alleged fraud in the pleadings; therefore, they must show that there is no reasonable basis for this Court to predict that Kahn may recover a declaratory judgment against Brannon. Smallwood, 385 F.3d at 573. Kahn has made a claim for declaratory relief against Brannon asking the Court to declare what obligations it owes Brannon under the Co-counsel agreement. (Rec. Doc. 1). SRKW and Roseman contend that there is no live dispute under the Co-counsel Agreement, and, thus, Kahn has no way of recovering against Brannon. (Rec. Doc. 15 at p. 5).

Pursuant to a written contract, an interested party "may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." La. Code Civ. Proc. Ann. art. 1872. A contract may be construed either before or after there has been a breach, so long as a declaratory judgment would terminate uncertainty or controversy. La. Code Civ. Proc. Ann. art. 1873, 1876. However, a claim for declaratory judgment does not exist when the issue is merely "academic, theoretical, or based on a contingency which may or may not arise." American Waste & Pollution Control Co. v. St. Martin Parish Police Jury, 627 So. 2d 158, 162 (La. 1993).

The Court finds that Kahn has alleged minimally sufficient facts to state a claim for declaratory relief.  Primarily, Kahn has alleged that it has a co-counsel agreement with Brannon.  Furthermore, Kahn has put forth facts to suggest a live controversy, specifically referring to a conflict over fees that Kahn may or may not owe under the Co-Counsel Agreement resulting from any fees potentially paid pursuant to the Joint Venture.[1]  As previously stated, declaratory judgment is appropriate when it would terminate uncertainty or controversy, even before a breach has occurred.  La. Code Civ. Proc. Ann. art. 1876.  The Court finds nothing in the record or the law to suggest that a declaratory judgment would not be an appropriate remedy here.  Therefore, the Court, viewing all ambiguities in favor of the non-moving party and against removal, finds that SRKW and Roseman have not met their heavy burden of establishing that no reasonable basis exists under which the Court could predict that the Kahn might be able to recover a declaratory judgment against Brannon.

**2. Egregious Misjoinder**

SRKW and Roseman contend that Brannon has been egregiously misjoined under this Court's holding in Milliet v. Liberty Mut. Ins. Co., No. 07-7443, 2008 WL 147821, at *3 (E.D.La. Jan. 11, 2008).  In that case, this Court found that plaintiff's claims against insurers and contractors relating to hurricane damage were only tangentially related and did not meet the test laid out in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996), which requires a "community of interest" between the parties such that there is enough factual overlap between the claims to warrant trying the cases together.  Id.   However, the court, in J.O.B Investments, LLC v. Gootee

---

[1] The Court also notes that Brannon made a limited appearance before this Court to voice their support for the motion to remand and to declare that there is a controversy over the payments made under the co-counsel agreement with specific reference to the fees resulting from the Joint Venture.

Servs., LLC, 908 F. Supp. 2d 771, 778 (E.D. La. 2012), noted that mere misjoinder, rather than fraudulent or egregious misjoinder, is better addressed in state court. Id. (citing Bright v. No Cuts, Inc., No. 03-640, 2003 WL 22434232, at *9 (E.D.La. Oct. 27, 2003).

Here, the Court finds that common sense dictates a minimally sufficient "community of interest" exists as to the determination of any sums owed to the parties. As Kahn points out, the purpose of the suit is to "determine, in one judicial proceeding, the proper allocation of the proceeds from the fund created by its joint venture with [SRKW] and its co-counsel agreement with Brannon." (Rec. Doc. 16-1 at p. 9). To the extent that SRKW contends that Kahn has engaged in *egregious* misjoinder, as opposed to just mere misjoinder or proper joinder, the claim is unfounded.

### 3. Realignment of the Parties

As an initial matter, the Court recognizes that a number of its sister courts in this Circuit have found utilizing realignment as a basis for removal from state court to be an improper legal mechanism. Prime Income Asset Mgmt. Co., 2007 WL 2229050, at *4 (quoting Roblez, 2001 WL 896942, at *3) see also e.g., Eagle Capital Corp. v. Munlake Contractors, Inc., No. 5:10-CV-99, 2012 WL 568701, at *2 (S.D. Miss. Feb. 21, 2012) (declaring, "[t]he Fifth Circuit has not recognized realignment of parties as an exception to the rule of unanimity."); Washington v. Ernster, 551 F.Supp.2d 568, 573–74 (E.D.Tex.2007); Salge v. Buchanan, 2007 WL 1521738, *4 n. 5 (S.D.Tex. May 24, 2007). The Court finds the reasoning in those cases persuasive.

However, even if realignment is proper in a removal action, the Court finds that SRKW has not met its burden of showing that Kahn and Brannon should be realigned in this case. As seen in Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc., 723 F.2d 1173 (5th Cir. 1984), there must

6

be a controversy between citizens of different states to sustain diversity, "all of whom on one side of the controversy are citizens of different states from all parties on the other." Id. at 1178. The Court must examine the "principal purpose of the suit" to determine if there is no "collision of interest" between the parties to be realigned. City of Indianapolis, 314 U.S. at 71. Furthermore, the Court is permitted to "look beyond the pleadings, and arrange the parties according to their sides in the dispute." Id. at 69.

Here, the Court finds that the Kahn's principal purpose of this suit is to properly allocate fees owed, if any, under its two existing fee agreements. Notably, the Court recognizes the holding in Hess v. Union Standard Ins. Co., No. CIV.A. 09-3789, 2009 WL 3486649, (E.D. La. Oct. 23, 2009) realigning party defendants who were family members where the court found that the principle purpose of the suit was to collect as much money as possible from the insurers for the death of plaintiff's husband and the declaratory judgment action against the plaintiff's daughters was merely ancillary. Id. at *2 (declaring "[t]he request for a declaratory judgment is ancillary. Mrs. Hess, Mrs. Vigreux, Mrs. Lee, and The Succession each share the same ultimate interest in finding Harvest Haul liable for Mr. Bares's death and recovering as much money as possible from Harvest Haul regardless of the individual apportionment of each recovery.").

However, that case is distinguishable from the facts here because the facts in Hess did not indicate that there was an actual dispute between the parties to be realigned. Alternatively, in this case, Kahn has a live controversy capable of resolution through declaratory judgment against Brannon for disputed fees that may be owed pursuant to the Co-counsel Agreement. And, as seen in Texas Pac. Coal & Oil Co. v. Mayfield, 152 F.2d 956, 957 (5th Cir. 1946), "[p]arties defendant will not be realigned if there remains in the case any issue as to which plaintiff needs some relief

7

against such parties." Based on the evidence available in the record, which the Court notes is minimal, Brannon may be entitled to additional fees from Kahn, regardless of whether SRKW is liable for additional payment to Kahn. Conversely, Kahn may be entitled to fees from SRKW to which Brannon has no legitimate claim. Therefore, viewing all ambiguities in favor of the non-removing party and against removal, Brannon should not be realigned. As a result, there is no complete diversity to support federal court jurisdiction here.

**IV. Conclusion**

For the reasons stated herein,

**IT IS ORDERED** that the Motion to Remand (Rec. Doc. 8) is hereby **GRANTED**, and the matter is hereby **REMANDED** to the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana.

New Orleans, Louisiana, this 12th day of December 2014.

**KURT D. ENGELHARDT**
**United States District Judge**